### Elizabeth Morrison, Executrix, et al., v. George I. O'Brien.

### On appeal of William Sullivan, Appellant, v. Austin State Bank, Appellee.

### Gen. No. 19,941.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed December 22, 1914. Rehearing denied January 5, 1915.

### Statement of the Case.

The proceedings, issues and facts in this litigation up to the time of the filing of the bill of review herein are set out fully in *Austin State Bank v. Morrison*, 133 Ill. App. 339.

Upon the filing of the bill of review by the Austin State Bank in pursuance of such decision, issues were

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

duly formed and the cause referred to a master. The findings of such master fully sustained the bill of review. And a decree was entered in favor of the Bank finding that such Bank was the sole owner of the warrants issued to the treasurer of the town of Cicero, that the amount of the warrants had been paid to the receiver, Zimmer, of the firm of J. J. Morrison & Co. & O'Brien, and that the Bank was entitled to receive from Zimmer the sum of $2,208.50, being the proceeds of the warrants less the receiver's costs of $760.70, leaving a balance due of $1,447.80.

The decree entered on the same day in favor of George I. O'Brien found that the bill of complaint in the original cause should be dismissed for want of equity; that George I. O'Brien should receive from the receiver the sum of $808.80 and the sum of $534.21, less his share of the receiver's costs, and that the balance of $798.63 was the amount in the hands of the receiver and represented the interests of George I. O'Brien in the effects of the copartnership firm of J. J. Morrison & Co. & O'Brien. The decree also found that O'Brien's interest was assigned to J. B. O'Connell and ordered that O'Connell recover the sum of $798.63 from the receiver and $544.38 from the original complainants. From such decrees William Sullivan, one of the original complainants, appealed.

EDWIN C. CRAWFORD, for appellant.

CASTLE, WILLIAMS, LONG & CASTLE, for appellee.

F. A. McDONNELL, for George I. O'Brien.

MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1236*—*when appellant cannot complain of decree.* Where certain complainants abandoned an original bill for an accounting and dissolution of a partnership, and prosecuted

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

their suit for the sole purpose of determining whether a bank was entitled to certain warrants purchased from a third person who had obtained them from a member of the partnership, they could not be heard to claim, as a basis for a reversal of decrees entered on a bill of review, that there was no proof by which the court could determine the share of a member of the partnership in its assets.

2. APPEAL AND ERROR, § 484*—*when master's report must be objected to.* An appellant who makes no objections to a master's report or exceptions thereto, raising the question of want of proof on an issue presented by the original bill, although ruled to make proof on such bill, cannot raise the question for the first time on appeal.

3. EQUITY, § 582*—*what relief is proper on bill of review.* Where decrees entered on a bill of review sought to terminate a receivership of a partnership by dismissal of the original bill under which the receiver was appointed, it was proper and equitable to require proceeds of warrants in the hands of the receiver to be paid to a bank from which the warrants were received, and it was also equitable and proper to decree that money received from a partner be returned to such partner or his assignee, after deducting a share of the expenses of the receiver.

4. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 38*—*when bill for partnership accounting will be dismissed.* It is equitable and proper to dismiss a bill for partnership accounting where no evidence is offered supporting the bill or where the evidence leaves the matter in such a state that it is impossible for the court to state an account.

5. EQUITY, § 431*—*when exceptions to master's report are necessary.* An appellant who files no exceptions to a master's report recommending the return of proceeds and moneys is bound thereby.

6. EQUITY, § 473*—*when right of intervenor in action not affected by original bill.* In an action for a partnership accounting, where a bank intervened and claimed to be entitled to proceeds of warrants purchased from a third person, after such person had obtained such warrants from one of the partners for services rendered, the right of the bank was not affected by the accounting and it was not required to enter upon proofs as to such accounting.

7. APPEAL AND ERROR, § 493*—*when appellant cannot complain of decree.* Where the right of a partner to moneys in the hands of a receiver was not questioned by partners seeking a dissolution and accounting, and they abandoned their claim to an accounting from such partner, they could not complain of a decree awarding the money to the partner.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.